McKinney, J.,
delivered the opinion of the Court.
The plaintiff in error-seeks to be discharged from liability as stayor of execution, on a judgment obtained by the defendants in error, before a justice, against Thompson and others.
• He states in his petition for a certiorari and supersedeas, that he went to the office of the justice, at the request of Thompson, after the expiration of the two days allowed by *628 law for giving security for the stay of execution ; and the justice being absent, he wrote his name as stayor on the justice’s docket, without the knowledge or consent of either the justice, or the plaintiffs in the judgment. He further states in the petition, that after the stay had expired, an execution was issued on the judgment and levied on his property as stayor ; that he entered into bond for the delivery thereof on the day of sale, which was forfeited by the non-delivery of the property ; and that the justice had proceeded to issue another execution, based upon the forfeited bond, which he seeks to have quashed on the ground that he was not legally bound as stay- or in the first instance. On motion of the defendants, the Court dismissed the certiorari, and rendered judgment against the petitioner and his surety for the amount of the justice's judgment with twelve and one half per cent interest thereon.
There is no error in the judgment. The subsequent assent of the judgmeut creditor to the stay of exection, after the lapse of two days, and of the justice to accept the petitioner as stayor — manifested by their acquiescence — was as effectual to bind the stayor, as if their previous consent to the act had been expressly given. But again : the effect of the forfeiture of the delivery bond was equivalent to a judgment against the petitioner : after which — all other questions aside- — he is estopped thereby from gainsaying his original liability as stayor.
Judgment affirmed.